**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-26918-LEIBOWITZ**

**ANDRES MARTINEZ BRIZUELA**,

*Petitioner,*

*v.*

**WARDEN, KROME NORTH SERVICE PROCESSING CENTER**,

*Respondent.*
_______________________________________/

**ORDER DISMISSING 28 U.S.C. § 2241 PETITION AS MOOT**

**THIS CAUSE** is before the Court upon Petitioner Roberto Horta Mena's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). [ECF No. 1]. In the Petition, Petitioner challenges his immigration detention in the Krome North Service Processing Center in Miami, Florida. [*See* ECF No. 1 at 1, 14]. For the following reasons, the Petition must be dismissed as moot.

On October 26, 2026, Respondent filed a Notice of Release stating that "Petitioner was released on an Order of Supervision on October 17, 2026." [ECF No. 7 at 1; *see also* ECF No. 7-1]. As a result of Petitioner's release, Respondent argues the Petition is now moot. [ECF No. 7 at 1]. This Court agrees.

This Court's jurisdiction is limited to Article III of the Constitution's definition of "cases" or "controversies." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242–43 (11th Cir. 2002). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (citation and internal quotation marks omitted). The case-or-controversy requirement applies through all stages of the

litigation. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (citations omitted).

For a federal court to have subject-matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam) (citation omitted). The "in custody" determination is made at the time the § 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where, as here, an alien detainee files a section 2241 petition requesting release, the case becomes moot and the court loses jurisdiction once the alien is released from custody. *See Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022).

Here, Petitioner sought release from custody, [*see* ECF No. 1 at 14 ¶ A], which has now occurred. [*See* ECF No. 7; ECF No. 7-1]. Because Respondent cannot grant such relief post-release, no case or controversy exists, and the Petition is moot. *See Djadju*, 32 F.4th at 1107 ("Since Djadju already has been released from custody, his prayer for relief has been satisfied."); *Soliman*, 296 F.3d at 1243 ("Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'") (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)).

Furthermore, no exception to the mootness doctrine is implicated because there is no indication Petitioner will be returned to Immigration and Customs Enforcement custody in the near future. *See Djadju*, 32 F.4th at 1109 ("[T]here's no reasonable basis for us to believe that Djadju will be re-detained unlawfully upon termination of this suit") (citation omitted); *Al Najjar*, 273 F.3d at 1336 ("The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time."). Accordingly, this Court lacks jurisdiction over this case, and dismissal is required. *See id.* (explaining

that "dismissal is required because mootness is jurisdictional.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [**ECF No. 1**], is **DISMISSED AS MOOT**.

2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on October 27, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record

Andres Pablo Martinez Brizuela
A# 038382688
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE